IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| WILLIAM T. FAULKNER, | CASE NO. 4:04CV00044 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART, Commissioner of Social Security, | By: B. WAUGH CRIGLER<br>U.S. MAGISTRATE JUDGE |
| Defendant, | |

This challenge to a final decision of the Commissioner which denied plaintiff's November 28, 2001, application for a period of disability, disability income benefits, and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1361 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an

1

Administrative Law Judge (Law Judge) found that the plaintiff, who was not represented at the administrative hearing, met the special earnings requirements of the Act through the date of his decision, and that he had not engaged in substantial gainful activity since the date of disability onset. (R. 20, 21, 25.) The Law Judge further found that, while plaintiff did not suffer any impairment or combination thereof that met or equaled the requirements of a listed impairment, he did suffer a severe combination of impairments. (R. 25.)[1] Nevertheless, the Law Judge was of the view that plaintiff's allegations regarding the limitations imposed by his impairments were not supported by the objective medical evidence and not fully credible. (R. 25.) Without making a finding with respect to plaintiff's ability to perform his past relevant work, the Law Judge determined that plaintiff's past work fell within the heavy exertional category, assessed plaintiff as having the residual functional capacity to perform a wide, but less than a full, range of light work, and proceeded to the final level of the sequential evaluation to determine whether alternate gainful activity was available. (R. 23-25.) Relying on the Medical-Vocational Guidelines ("grids") as to plaintiff's exertional limitations, and apparently by accepting the evidence of an "Examiner" who submitted a "Vocational Input into Final Decision" report, the Law Judge found that the particular the jobs of inspector, final inspector, and weld inspector, were available to the plaintiff in the economy. (R. 24.)[2] Accordingly, the Law Judge concluded that plaintiff was not disabled under the Act. (*Id.*)

---

[1] In the body of his decision, the Law Judge determined that plaintiff had a history of obesity, hernia and stomach surgery and that in 2002, he was involved in an automobile accident which "did not produce injuries" sufficient to meet or equal any listed impairment. (R. 21, 22.)

[2] A VE appeared at the hearing, but his testimony was limited to explaining plaintiff's past relevant work. (R. 312-314.)

2

Thereafter, plaintiff apparently secured counsel who sought review by the Appeals Council on the grounds state in his letter appeal of January 28, 2004.(R. 268-270.) The Appeals Council rejected plaintiff's contentions, and it found no reason in the record to grant review. (R. 8-9.) Thus, the Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

If nothing else, the record demonstrates that plaintiff carried his initial burden in the sequential evaluation process by demonstrating the presence of severe impairments that prevent him from performing his past relevant work. 20 C.F.R. §§ 404.1520 and 416.920. Thus the burden shifted to the Commissioner to demonstrate that alternate gainful activity was available to him which the Commissioner could discharge in this case only by the presentation of vocational evidence because there were non-exertional limitations on plaintiff's ability to perform work-related functions. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v,. Bowen*, 829 F.2d 514 (4th Cir. 1987). Even if no non-exertional limitations exist, however, the VE still must have considered all the evidence in the record material to plaintiff's limitations and their effects on work-related capacity in order for the testimony of the VE to be relevant. Here, of course, the evidence of the VE at the hearing was limited to plaintiff's past employment, leaving only the Vocational Input form as an expert's opinion on whether jobs were available to a person with plaintiff's maladies and their effects.

Also, the Commissioner is charged with making the initial evaluation of the medical evidence, assessing symptoms, signs and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The court should not substitute its

3

Case 4:04-cv-00044-JLK-BWC   Document 13   Filed 04/22/05   Page 3 of 5   Pageid#: 30

judgment for that of the Commissioner in these matters, but must determine whether there is substantial evidence to support his conclusions. On the other hand, it is axiomatic that courts may remand a case to the Commissioner for the further development of the evidence where "good cause" has been shown. 42 U.S.C. § 405(g). What constitutes "good cause" draws beyond the boundaries of the substantive merits of the claim as presented in the record and is not constrained by whether the Commissioner's decision might have been supported by substantial evidence at the time of judicial review. *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981). Failure to provide "a full and fair hearing . . . and the failure to have such a hearing may constitute good cause sufficient to remand to the [Commissioner] under 42 U.S.C. § 405(g) for the taking of additional evidence." *Sims v. Harris*, 631 F.2d 26, 27 (4th Cir. 1980).

An examination of the record reveals that some of the medical records upon which the Law Judge premised his findings concerning plaintiff's credibility and, thus, the nature and extent of his impairments and his functional capacity, did not belong to the plaintiff. As an example, a portion of the material submitted by the University of North (UNC) Health Care appeared to be those for a William F. Faulkner, Jr.(R. 187-205.) However, that William F. Faulkner, Jr. was a white male born on November 22, 1950, and that person is not the claimant in this case. Most certainly, the Law Judge relied on these UNC Health Care records to decide several critical matters, including plaintiff's credibility and his residual functional capacity.

That the Law Judge relied on these record is beyond peradventure, thus materially influencing his decision. There is "good cause" to remand the case for further proceedings where he will be represented by counsel and in which evidence related only to this plaintiff is utilized in

4

arriving at a decision.[3]

Therefore, the undersigned RECOMMENDS that an order enter REMANDING the case for further proceedings. The order of remand should direct that, in the event the Commissioner cannot grant benefits on the current record, she is to recommit the case to a Law Judge to conduct supplemental proceedings in which both sides may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
Judge

4-22-05
Date

---

[3]The undersigned also observes that the only purported vocational evidence which addresses the availability of alternate work was the Vocational Input into Final Decision which entirely fails to reveal the credentials of the "Examiner" and the extent to which he accounted for relevant facts under *Walker*. Moreover, there is no indication in the record that plaintiff, while representing himself was afforded an opporutunity to examine the Vocational Input, or even comment on it, for that matter. The VE who appeared at the hearing addressed only plaintiff's past work, which would not be sufficient to discharge the Commissioner's burden. Should the Commissioner wish to discharge her sequential burden, vocational evidence, subject to cross examination by plaintiff's counsel, should be required.